```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARVIN R. HICKS,**

                      Petitioner,

            v.                            CASE NO. 09-3136-RDR

**UNITED STATES**
**OF AMERICA,**

                      Respondent.

### O R D E R

This "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" was filed by a detainee at the Butler County Jail in El Dorado, Kansas. Mr. Hicks has paid the filing fee. Petitioner's main claim is that "the court" is "not an Article III court" and "lacks jurisdiction to proceed on this case".[1] Mr. Hicks bases his claim upon the argument, neither unfamiliar nor new, that 18 U.S.C. § 3231[2] and the entire Title 18 of the United States Code are invalid because "no quorum was present for the House vote on Title 18 in May of 1947" when the provisions were enacted. This court is asked to "issue a Writ of Habeas Corpus declaring" that the public law "purported to enact Title 18" is unconstitutional and "void ab initio", that "any judgment and commitment order" issued by a federal district court is void ab initio, that "the federal court which ordered (his) commitment"

---

[1] This case to which petitioner refers is obviously the criminal case in which he is a defendant that is currently pending before the Honorable United States District Judge Wesley E. Brown (District of Kansas). Petitioner has typed the case number of that criminal case in the caption of his habeas petition: 07-cr-10180-WEB-7. The court takes judicial notice of the record in Hicks' criminal case. His case has not yet gone to trial.

[2] 18 U.S.C. § 3231 pertinently provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

lacked jurisdiction, and that petitioner's imprisonment "under a void commitment order is unconstitutional and unlawful." He asserts he is entitled to discharge from "any present illegal incarceration" and that his "indictment or information" must be declared void.

Rule 4 of the Rules Governing Section 2254 Cases requires a federal court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The Rules Governing Section 2254 Cases may, within the court's discretion, be applied to habeas petitions brought pursuant to 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases; see also Boutwell v. Keating, 399 F.3d 1203, 1211 FN2 (10th Cir. 2005). The court has reviewed this habeas corpus petition in accord with these provisions and finds this action must be summarily dismissed.

It has been recognized that 28 U.S.C. § 2241 establishes limited jurisdiction in the federal district court to consider habeas corpus petitions filed by pretrial detainees. See Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)(Section 2241 is a proper avenue for challenging pretrial detention.); Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008); Chandler v. Pratt, 96 Fed.Appx. 661, 662, 2004 WL 1080214 (10th Cir. May 14, 2004)(unpublished)[3]. However, it has also been held that federal habeas courts should not intervene in pending federal criminal prosecutions where the defendant has available an adequate forum

---

[3] Copies are attached of unpublished decisions cited by this court herein for their precedential value.

for his federal claims[4]. As the Tenth Circuit Court of Appeals explained:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. See Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Moore v. United States, 875 F.Supp. 620, 623 (D.Neb. 1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy.

Hall v. Pratt, 97 Fed.Appx. 246, 247-48 (10th Cir. Apr. 7, 2004)(unpublished); Chandler, 96 Fed.Appx. At 662.

Petitioner appears to be a pretrial detainee, and the claims he raises all clearly relate to his ongoing federal criminal case. Any defense he has to the criminal charges against him and any challenges he has to his prosecution can and must initially be raised in the criminal matter, and in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions if allowed under federal law. See Clark v. Revel, 2009 WL 763487 at *2 (W.D. Okla. Mar. 19, 2009)(slip copy)[citing United States v. Addonizio, 442 U.S. 178, 184 FN 10 (1979)("[T]he writ of habeas corpus should not do service for an appeal. . . . This rule must be strictly observed if orderly appellate procedure is to be

---

[4] It has long been held that "federal courts should abstain from the exercise of (§ 2241) jurisdiction" in the context of "issues raised in the petition (that) may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir.1993)("An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus."); see also Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973)(exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). The Younger abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45.

maintained.")(quoting <u>Adams v. United States ex rel. McCann</u>, 317 U.S. 269, 274 (1942)); <u>Jones v. Perkins</u>, 245 U.S. 390, 391-392 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); <u>Horning v. Seifart</u>, 107 F.3d 11 (Table), 1997 WL 58620 (6th Cir. Feb. 11, 1997)(unpublished op.)("habeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution")]. After direct appeal, petitioner's exclusive habeas corpus remedy would be that provided in 28 U.S.C. § 2255. Section 2241 is not an alternative remedy to that provided in Section 2255.

Even if this court has jurisdiction to consider the claims in petitioner's pre-trial habeas petition, it is precluded from doing so by petitioner's failure to exhaust available remedies. The trial court is the proper court to initially rule on the issues raised by Mr. Hicks[5]. His failure to pursue and exhaust the remedies available in the criminal proceedings precludes this court granting relief under § 2241. <u>Hall</u>, 97 Fed.Appx. at 248. The Tenth Circuit repeated its admonition that exhaustion is required in <u>Pratt</u>, 96 Fed.Appx. at 662:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies. <u>Cf</u>. <u>Fassler v. United States</u>, 858 F.2d 1016, 1018-19 (5th Cir. 1988)(per curiam)(holding defendants cannot use § 2241 to challenge pretrial detention orders that

---

[5] Petitioner's argument that the trial court, and apparently any federal district court, may not rule on his jurisdictional claim, so that this action must be forwarded to the Supreme Court, has no merit. The district court in which an action has been filed is required to examine questions regarding its jurisdiction and to immediately dismiss if it finds jurisdiction lacking.

>      can be challenged under 18 U.S.C. § 3145); <u>United
>      States v. Pipito</u>, 861 F.2d 1006, 1009 (7th Cir.
>      1987)(same).  Here, all the claims petitioner
>      attempted to raise in his § 2241 petition should
>      have been, and apparently were being, pursued in
>      the criminal action.  To allow petitioner to bring
>      the same claims before another judge in a
>      collateral proceeding would not only waste
>      judicial resources, but would encourage judge
>      shopping.  The district court properly dismissed
>      petitioner's claims without prejudice for failure
>      to exhaust, and there was no arguable basis in law
>      or fact for appealing that decision.

<u>Id</u>.

The court finds it is apparent on the face of the instant Petition that Mr. Hicks has not yet exhausted available remedies on his claims.  The court further finds it would be futile to give petitioner an opportunity to cure this deficiency.  The court thus concludes that this habeas corpus action should be dismissed without prejudice due to petitioner's failure to exhaust available remedies.

**IT IS THEREFORE ORDERED that this action is dismissed, without prejudice, for failure to exhaust.**

**DATED:  This 6th day of July, 2009, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**
